

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD WAYNE GOOD, Individual, | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| vs. | | CIVIL ACTION NO. _____ |
| THE CITY OF IRVING, TEXAS, IRVING POLICE DEPARTMENT, CHIEF OF POLICE FOR THE CITY OF IRVING, individually and in his official capacity, and FRED CURTIS, individually and in his official capacity, | | 3-06CV2133-K |
| | | JURY TRIAL DEMANDED |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Plaintiff, **DONALD WAYNE GOOD** ("GOOD"), by and through his attorney of record, brings this action for monetary damages for violation of his civil rights under and pursuant to 42 U.S.C. Section 1983, and the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments under the Constitution of the United States and laws of the State of Texas, against **THE CITY OF IRVING** ("IRVING"), **IRVING POLICE DEPARTMENT** ("POLICE"), **CHIEF OF POLICE FOR THE CITY OF IRVING** ("CHIEF"), and **FRED CURTIS** ("CURTIS").

### Parties, Jurisdiction, and Venue

1. Plaintiff, GOOD, is a citizen of the United States and a resident of Huntsville, Texas.

2. Defendant, IRVING, is a municipal corporation and a body politic organized under the laws of the State of Texas and is authorized to sue and be sued in its corporate name. Within

IRVING, there are numerous departments for which it is responsible, including POLICE. IRVING may be served with citation by serving Herbert A. Gears, the Mayor of The City of Irving at 825 W. Irving Blvd., Irving, Texas 75060. Service of said Defendant as described above can be effected by certified mail return receipt requested, or personal service. IRVING is the public employer of the Defendants, Police, CHIEF, and CURTIS.

3. Defendant, CHIEF, is the final policy-maker for the police department for IRVING regarding the training and supervision of employees and other internal operation of IRVING. CHIEF is sued in his individual and official capacities and may be served with process at the following address: 305 North O'Connor Road, Irving, Texas 75060. Service of said Defendant as described above can be effected by certified mail return receipt requested, or personal service. CHIEF is the employer of the Defendant, CURTIS.

4. Defendant, CURTIS, is now, and at all times material to this action was, duly appointed, employed, and acting as a detective for the City of Irving, a municipal corporation and governmental subdivision of the State of Texas. CURTIS is sued in his individual and official capacities and may be served with process at the following address: 305 North O'Connor Road, Irving, Texas 75060, or wherever he may be found. Service of said Defendant as described above can be effected by certified mail return receipt requested, or personal service.

5. All of the Defendants, at all times material to this action, were acting under color of state law.

6. This action arises under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the Constitution of the United States and under the Civil Rights Act, Title 42 of the United States Code, Section 1983.

7. This Court has original jurisdiction of the federal claims under and by virtue of Title 28 of the United States Code, Sections 1343. This Court has supplemental Jurisdiction of the state law claim, asserting a violation of Article I, § 19 of the Texas Constitution, under and by virtue of Title 28 of the United States Code, Section 1367.

8. A substantial part of the events giving rise to the claims asserted in this Original Complaint occurred in the Northern District of Texas, Dallas Division. Venue is proper under Title 28 of the United States Code, Section 1391(b)(2).

## Factual Allegations

9. On June 9, 1983, JANE DOE was at her residence in Irving, Texas. JANE DOE was doing yard work in the backyard when she heard her daughter, who was inside the house watching television, yelling. JANE DOE looked inside the sliding glass door and saw her daughter standing in front of the sliding glass door looking toward the kitchen.

10. JANE DOE asked her daughter what was wrong, and then, at that moment, she saw a man inside the house. JANE DOE told her daughter to come outside; suddenly, the intruder grabbed JANE DOE's daughter and put a knife up to her throat. The intruder told JANE DOE to come inside, which she did.

11. Next, the intruder tied JANE DOE's hands and her daughter's hands behind their backs with shoestrings and placed a pillowcase over JANE DOE's head. The intruder grabbed JANE DOE and dragged her to the master bedroom where she was violently raped and sodomized in her own bed. After JANE DOE was raped and sodomized, she was taken back to the kitchen and left tied-down beside her daughter.

12. After JANE DOE and her daughter were secured, the intruder left out the door leading

to the garage. After a few minutes, JANE DOE was able to untie her daughter and called the police.

13. The police officers came to the scene and took JANE DOE's statement, and later, she was taken to Parkland Memorial Hospital where an examination was conducted and a rape kit prepared. Defendant POLICE, in accordance with its procedure, took the rape kit and the clothes of JANE DOE as evidence. Moreover, the physical scene of JANE DOE's home was processed for physical evidence.

14. The detective assigned to investigate the rape was the Defendant CURTIS.

15. Upon information and belief, on or after June 9, 1983, an artist rendering at the direction of JANE DOE was prepared in an effort to depict the suspect that had committed this despicable act.

16. On June 15, 1983, Plaintiff GOOD was arrested by the Irving Police Department for violating conditions of a bond on a DWI charge. While in the custody of the POLICE, Defendant CURTIS took Plaintiff GOOD to his office and began asking him questions about certain burglaries that recently occurred in the City of Irving.

17. Defendant CURTIS attempted to pressure Plaintiff GOOD to tell him the names of those that had been involved with the burglaries. When Plaintiff GOOD did not provide any information regarding these burglaries, Defendant CURTIS, then, pulled out a composite drawing of the suspect in the rape of JANE DOE and indicated to Plaintiff GOOD that he matched the drawing, and if Plaintiff GOOD thought that he did not match the rapist, then Defendant CURTIS would make sure that he did. Defendant CURTIS stated to Plaintiff GOOD that he was going to charge him with aggravated rape, aggravated robbery, and burglary of habitation that occurred on June 9, 1983.

18. Defendant CURTIS then placed GOOD on a wall outside his office and took several

pictures with his camera.

19.     Upon information and belief, Defendant CURTIS brought JANE DOE to the police station to have her view a photo line-up containing six photographs including a photograph of the Plaintiff GOOD.

20.     Defendant CURTIS, with deliberate indifference to the rights of GOOD, fabricated evidence by deliberately identifying, through the course of a suggestive manner, that the rapist was Plaintiff GOOD, prior to JANE DOE making any identification.

21.     Defendant CURTIS, with deliberate indifference to the rights of GOOD, fabricated evidence by taking the photograph of GOOD after changing the configurations on the camera to take a darker than usual photograph which he presented to JANE DOE.

22.     Defendant CURTIS was deliberately indifferent to GOOD's rights by refusing to use a line-up in which JANE DOE could view the very distinctive scar encircling Plaintiff GOOD's left elbow and the tattoo on Plaintiff GOOD's left forearm.

23.     Defendant CURTIS was deliberately indifferent to GOOD's rights by refusing to point out to JANE DOE that Plaintiff GOOD had a distinctive scar on his right hand.

24.     Defendant CURTIS was deliberately indifferent to GOOD's right by refusing to use a proper line-up in which JANE DOE could hear the suspects' voices.

25.     Defendant CURTIS, with deliberate indifference to the rights of GOOD, fabricated evidence by causing JANE DOE to falsely fill out a suspect identification form stating she had independently, without suggestion, identified GOOD from the police photographs as her attacker.

26.     Defendant CURTIS, with deliberate indifference to the rights of GOOD, fabricated evidence by preparing a supplemental offense report which falsely recited that JANE DOE

independently, without any suggestive assistance, identified GOOD, as the person who attacked her, among one of the six photographs. Defendant CURTIS knew or should have known that his reports and impermissibly suggestive conduct at the line-up, and the manipulation of the camera when taking the photograph of GOOD shown to JANE DOE, would be relied upon by prosecutors, judges and jurors in securing GOOD's wrongful arrest, conviction and incarceration.

27. Defendant CURTIS, with deliberate indifference to the rights of GOOD, fabricated evidence by preparing a probable cause affidavit, seeking a warrant for the arrest of GOOD, where he falsely stated that JANE DOE had identified the suspect GOOD through a police photo lineup. Defendant, CURTIS knew or should have known that his fabrication of evidence in preparing the affidavit would be relied upon by prosecutors, judges and jurors in securing GOOD's wrongful arrest, conviction and incarceration.

28. Defendant CURTIS, with deliberate indifference to the rights of GOOD, dismissed the fact that identity of the suspect has always been an issue. GOOD was a total stranger to JANE DOE, no fingerprint evidence was obtained from the scene, and no other evidence linked GOOD to the crime other than JANE DOE's identification that was derived from suggestive conducts of Defendant CURTIS.

29. Defendant CURTIS, with deliberate indifference to the rights of GOOD, framed him for this horrendous crime because Plaintiff GOOD did not comply with Defendant CURTIS's request of identifying persons that had been committing burglaries around the City of Irving.

30. The other reason GOOD's photograph was placed in the photo array was because Defendant CURTIS stated that GOOD "strikingly resembled" the composite sketch of the man that invaded JANE DOE's home.

31. Defendant CURTIS, with deliberate indifference to the rights of GOOD, fabricated evidence by presenting to prosecutors that the victim JANE DOE had independently and without any suggestion properly and lawfully identified her attacker, in a photo lineup, as GOOD.

32. Defendant CURTIS, with deliberate indifference to rights of those such as GOOD, had fabricated evidence, falsely prepared affidavits, and gave false testimony on the behalf of CHIEF, POLICE, and IRVING in more than once instance.

33. Defendant IRVING, by and through its final policy maker CHIEF OF POLICE had a custom or policy of failing to properly train and supervise Defendant CURTIS. That custom or policy was in reckless disregard or deliberate indifference to the rights of GOOD. Defendant IRVING failed to properly train Defendant CURTIS regarding (i) how to conduct a proper photo line-up, (ii) the benefits of a voice recognition line-up, (iii) how to properly take a photograph of a suspect to show to the victim, (iv) how to point out tattoos and scars to the victims such as JANE DOE for identification, and (v) how to properly investigate a sex crime.

34. IRVING and/or CHIEF OF POLICE knew or should have known that failure to adequately train CURTIS in these procedures had the possibility of resulting in the charges set forth herein. Defendant IRVING failed to properly supervise its officers and employees, namely Defendant CURTIS.

35. Defendant CURTIS was consistently undeterred by contrary evidence and continued to fabricate evidence against GOOD, deliberately indifferent to GOOD's rights.

36. Because of the policies and procedures of Defendants IRVING, POLICE, and CHIEF, Defendant CURTIS has fabricated evidence, given false testimony, signed false affidavits, and provided a cover-up, with deliberate indifference to person such as GOOD's rights.

37. GOOD was arrested on June 18, 1983 and charged with burglary of habitation with intent to commit theft, rape, and sexual abuse. (State of Texas v. Donald Wayne Good, in the Criminal District Court of Dallas County, Texas, Case No. F83-81433-J, F83-81434-J, and F83-81435-J,).

38. In 1983, a jury trial occurred resulting in a hung jury.

39. In 1984, a second jury trial occurred resulting in a guilty verdict; however, the conviction was reversed due to *prosecutorial misconduct* during trial.

40. In 1987, GOOD was tried for the third time, and during the trial proceeding, GOOD was handcuffed and gagged by the bailiff. GOOD, ultimately, was convicted on all counts.

41. GOOD has always maintained that he was an innocent man and did not commit any of the crimes.

42. While in custody, Mr. Good filed a motion to have his DNA tested for his 1983 conviction.

43. The rape kit performed at Parkland Hospital included swab samples of JANE DOE's mouth, anus, vaginal, cervical regions, JANE DOE's blue terry cloth jumpsuit, and a portion of the blanket that has a seminal stain.

44. This evidence was sent by Parkland Hospital to Southwestern Institute of Forensic Sciences ("SWIFS") on June 10, 1983 and kept on file. SWIFS confirmed that spermatozoa were detected in the vaginal and anal smear, on the crotch area of the jumpsuit, and on the blanket.

45. In May 1, 2003, SWIFS confirmed that it still possesses said evidence.

46. On August 11, 2003, the Court granted GOOD's motion for post-conviction DNA testing of biological evidence.

47.     Pursuant to the Court's order, SWIFS transferred the rape kit to the Texas Department of Public Safety ("DPS") Laboratory in Garland, Texas. In February 2004, a confirmatory blood sample was obtained from GOOD.

48.     In a report dated April 7, 2004, the DPS laboratory revealed that GOOD was not the contributor of the spermatozoa. Therefore, it was definitively proved that GOOD did not commit the offenses for which he had been convicted and sentenced.

49.     On or about November 17, 2004, the Texas Court of Criminal Appeals vacated GOOD's sentence.

50.     On December 22, 2004, Criminal District Court Number Three, of Dallas County, Texas, dismissed the charges against him, with the support and cooperation of the Dallas County District Attorney's Office.

51.     GOOD served a total of 13 years, 7 months, and 5 days on the 1983 burglary with the intent to commit rape charge.

52.     An action asserted under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments of the Constitution of the United States, pursuant to the Civil Rights Act, Title 42 of the United States Code, Section 1983, that calls into question the lawfulness of a criminal conviction or confinement does not accrue until the conviction or sentence has been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal authorized to make such determination.

## COUNT I

### Claim for violation of civil Rights/42 U.S.C. § 1983 and Constitution of the United States of America, First, Fourth and Fourteenth, Against Defendant CURTIS

53.     GOOD hereby incorporates by reference paragraphs one (1) through fifty-two (52), as

though fully set forth herein.

54. The acts and conduct of the Defendant CURTIS deprived GOOD of his rights, guarantees, and privileges under the First, Fourth, and Fourteenth Amendments to the United States Constitution in that GOOD, in connection with preparing the arrest warrant affidavit, deliberately falsified "identification" information and/or included "identification" information in a reckless disregard for its truth. The facts and circumstances show, inter alia, that: (i) CURTIS fabricated evidence by deliberately identifying, through the course of a suggestive manner, that the rapist was Plaintiff GOOD, prior to JANE DOE making any identification; (ii) CURTIS fabricated evidence by taking the photograph of GOOD after changing the configurations on the camera to take a darker than usual photograph which he presented to JANE DOE; (iii) CURTIS refused to use a proper line-up in which JANE DOE could view the very distinctive scar encircling Plaintiff GOOD's left elbow and the tattoo on Plaintiff GOOD's left forearm; (iv) CURTIS refused to use a proper line-up and point out to JANE DOE that GOOD had a very distinctive scar on his right hand; (v) CURTIS refused to use a line-up in which JANE DOE could hear the suspects' voices; (vi) CURTIS fabricated evidence by causing JANE DOE to falsely fill out a suspect identification form stating she had independently, without suggestion, identified GOOD from the police photographs as her attacker; (vii) CURTIS fabricated evidence by preparing a supplemental offense report which falsely recited that JANE DOE independently, without any suggestive assistance, identified GOOD, as the person who attacked her, among one of the six photographs; (viii) CURTIS fabricated evidence by preparing a probable cause affidavit, seeking a warrant for the arrest of GOOD, where he falsely stated that JANE DOE had identified the suspect GOOD through a police photo lineup.

55. GOOD suffered injuries as a legal and proximate result of the wrongful, unlawful, and

intentional conduct of the Defendant CURTIS, including confinement in the Texas Department of Corrections for many years, being placed as a registered sex-offender, paying parole fees, counselor fees, and such.

56. Now, GOOD seeks an award of compensatory damages to be determined by a jury.

57. The acts, conduct, and behavior of the Defendant CURTIS were in reckless disregard of the rights of GOOD, as a consequence of which GOOD is entitled to exemplary damages to be determined by a jury.

## COUNT II

### Claim for violation of civil Rights/42 U.S.C. § 1983 and Constitution of the United States of America, First, Fourth and Fourteenth, Against Defendants IRVING, POLICE, and CHIEF

58. GOOD hereby incorporates by reference paragraphs one (1) through fifty-eight (58), as though fully set forth herein.

59. Defendants IRVING, POLICE, and CHIEF developed and maintained polices or customs exhibiting deliberate indifference to the constitutional right of persons, such as Plaintiff GOOD, which caused the above violation of his rights.

60. As a result of such deliberate indifference, Plaintiff GOOD's constitutional rights were violated, and such constitutional rights violation were a direct and proximate result of Defendants IRVING, POLICE, and CHIEF policies or customs that caused Plaintiff GOOD's injures as stated in this complaint.

## COUNT III

### Claim for violation of civil Rights/42 U.S.C. § 1983 and Constitution of the United States of America, Fifth, , and Fourteenth, Against Defendant CURTIS

61. GOOD hereby incorporates by reference paragraphs one (1) through sixty (60), as

though fully set forth herein.

62. The acts and conduct of Defendant CURTIS deprived GOOD of his rights, guarantees, and privileges under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution in that CURTIS, created false/misleading information and forwarded that information to prosecutors thereby violating GOOD's constitutional Sixth Amendment right to a fair trial. The facts and circumstances show, inter alia, that: (i) CURTIS fabricated evidence by deliberately identifying, through the course of a suggestive manner, that the rapist was Plaintiff GOOD, prior to JANE DOE making any identification; (ii) CURTIS fabricated evidence by taking the photograph of GOOD after changing the configurations on the camera to take a darker than usual photograph which he presented to JANE DOE; (iii) CURTIS refused to use a line-up in which JANE DOE could view the very distinctive scar encircling Plaintiff GOOD's left elbow and the tattoo on Plaintiff GOOD's left forearm; (iv) CURTIS refused to use a proper line-up and point out to JANE DOE that GOOD had a very distinctive scar on his right hand; (v) CURTIS refused to use a line-up in which JANE DOE could hear the suspects' voices; (vi) CURTIS fabricated evidence by causing JANE DOE to falsely fill out a suspect identification form stating she had independently, without suggestion, identified GOOD from the police photographs as her attacker; (vii) CURTIS fabricated evidence by preparing a supplemental offense report which falsely recited that JANE DOE independently, without any suggestive assistance, identified GOOD, as the person who attacked her, among one of the six photographs; (viii) CURTIS fabricated evidence by preparing a probable cause affidavit, seeking a warrant for the arrest of GOOD, where he falsely stated that JANE DOE had identified the suspect GOOD through a police photo lineup.

63. GOOD suffered injuries as a legal and proximate result of the wrongful, unlawful, and

intentional conduct of the Defendant CURTIS, including confinement in the Texas Department of Corrections for many years, being placed as a registered sex-offender, paying parole fees, counselor fees, and such.

64. GOOD suffered injuries as a result of the wrongful, unlawful, and intentional conduct of the Defendant CURTIS, and now, GOOD seeks an award of compensatory damages to be determined by a jury.

65. The acts, conduct, and behavior of the Defendant were in reckless disregard of the rights of GOOD, as a consequence of which GOOD is entitled to exemplary damages to be determined by a jury.

## COUNT IV

**Claim for violation of civil Rights/42 U.S.C. § 1983 and Constitution of the United States of America, Fifth, , and Fourteenth, Against Defendants IRVING, POLICE, and CHIEF**

66. GOOD hereby incorporates by reference paragraphs one (1) through sixty-five (65), as though fully set forth herein.

67. Defendants IRVING, POLICE, and CHIEF developed and maintained policies or customs exhibiting deliberate indifference to the constitutional right of persons, such as Plaintiff GOOD, which caused the above violation of his rights.

68. It was the policy and/or custom of Defendants IRVING, POLICE, and CHIEF to inadequately supervise its police officers and detectives and discourage their employees from violating the constitutional rights of persons, such as Plaintiff, GOOD.

69. As a result of such deliberate indifference to Plaintiff GOOD's constitutional rights was a direct and proximate cause of constitutional violations and injuries as stated in this complaint.

## COUNT V

### Claim for violation of civil Rights/42 U.S.C. § 1983 and Constitution of the United States of America, Sixth, Ninth, and Fourteenth, Against Defendant CURTIS

70. GOOD hereby incorporates by reference paragraphs one (1) through sixty-nine (69), as though fully set forth herein.

71. The acts and conduct of Defendant CURTIS deprived GOOD of his rights, guarantees, and privileges under the Sixth, Ninth, and Fourteenth Amendments to the United States Constitution in that CURTIS, created false/misleading information and forwarded that information to prosecutors thereby violating GOOD's constitutional Fifth Amendment right not to be deprived of liberty as a result of the fabrication of evidence by a government actor. The facts and circumstances show, inter alia, that: (i) CURTIS fabricated evidence by deliberately identifying, through the course of a suggestive manner, that the rapist was Plaintiff GOOD, prior to JANE DOE making any identification; (ii) CURTIS fabricated evidence by taking the photograph of GOOD after changing the configurations on the camera to take a darker than usual photograph which he presented to JANE DOE; (iii) CURTIS refused to use a line-up in which JANE DOE could view the very distinctive scar encircling Plaintiff GOOD's left elbow and the tattoo on Plaintiff GOOD's left forearm; (iv) CURTIS refused to use a proper line-up and point out to JANE DOE that GOOD had a very distinctive scar on his right hand; (v) CURTIS refused to use a line-up in which JANE DOE could hear the suspects' voices; (vi) CURTIS fabricated evidence by causing JANE DOE to falsely fill out a suspect identification form stating she had independently, without suggestion, identified GOOD from the police photographs as her attacker; (vii) CURTIS fabricated evidence by preparing a supplemental offense report which falsely recited that JANE DOE independently, without any suggestive assistance, identified GOOD, as the person who attacked her, among one of the six

photographs; (viii) CURTIS fabricated evidence by preparing a probable cause affidavit, seeking a warrant for the arrest of GOOD, where he falsely stated that JANE DOE had identified the suspect GOOD through a police photo lineup.

72. GOOD suffered injuries as a legal and proximate result of the wrongful, unlawful, and intentional conduct of the Defendant CURTIS, including confinement in the Texas Department of Corrections for many years, being placed as a registered sex-offender, paying parole fees, counselor fees, and such.

73. GOOD suffered injuries as a result of the wrongful, unlawful, and intentional conduct of the Defendant CURTIS, and now, GOOD seeks an award of compensatory damages to be determined by a jury.

74. The acts, conduct, and behavior of the Defendant CURTIS were in reckless disregard of the rights of GOOD, as a consequence of which GOOD is entitled to exemplary damages to be determined by a jury.

## COUNT VI

**Claim for violation of civil Rights/42 U.S.C. § 1983 and Constitution of the United States of America, Sixth, Ninth, and Fourteenth, Against Defendants IRVING, POLICE, and CHIEF**

75. GOOD hereby incorporates by reference paragraphs one (1) through seventy-four (74), as though fully set forth herein.

76. Defendants IRVING, POLICE, and CHIEF developed and maintained polices or customs exhibiting deliberate indifference to the constitutional right of persons, such as Plaintiff GOOD, which caused the above violation of his rights.

77. It was the policy and/or custom of Defendants IRVING, POLICE, and CHIEF to inadequately supervise its police officers and detectives and discourage their employees from

violating the constitutional rights of persons, such as Plaintiff, GOOD.

78. As a result of such deliberate indifference to Plaintiff GOOD's constitutional rights was a direct and proximate cause of constitutional violations and injuries as stated in this complaint.

## COUNT VII

### (Claim for violation of Article I, § 19 of the Texas Constitution Against Defendants CURTIS, IRVING, POLICE, and CHIEF

79. GOOD hereby incorporates by reference paragraphs one (1) through seventy-eight (78), as though fully set forth herein.

80. The acts and conduct of the Defendants, deprived GOOD of his rights, guarantees, and privileges under Article I, Section Nineteen of the Texas Constitution by Defendant CITY OF IRVING, IRVING POLICE DEPARTMENT, and CHIEF OF POLICE FOR THE CITY OF IRVING's failure to train and supervise Defendant CURTIS and failing to adequately protect Plaintiff GOOD against fabrication of evidence from Defendant CURTIS.

81. GOOD, an actually innocent person, suffered deprivation of his inherent rights to life, liberty and the pursuit of happiness without due process of law as guaranteed by Article I, Section Nineteen of the Texas Constitution.

## COUNT VIII

### Claim for violation of civil Rights/42 U.S.C. § 1983 Against Defendants IRVING, POLICE, and CHIEF

82. GOOD hereby incorporates by reference paragraphs one (1) through eighty-one (81), as though fully set forth herein.

83. The City of Irving, the Irving Police Department by and through its relevant final

policy makers, the Chiefs of Police during the times relevant to this lawsuit, had in effect, both before and at the time of the events alleged in this Complaint, policies, practices and customs that operated to deprive GOOD of his constitutional rights.

84. These polices include, but are not limited to:

(a) A policy, practice and custom of failing to properly train and supervise officers in the techniques of investigating serious crimes;

(b) A policy, practice and custom of investigating crimes in a manner designed to prove a case against a convenient suspect by procuring unreliable evidence and, if necessary, disregarding reliable evidence when that evidence did not comport with a particular theory of the case, all without regard to whether their policies, practices and customs might result in the conviction of innocent persons;

(c) Creating an atmosphere that fostered, allowed, and promoted inadequate investigation, cover-up, and deliberate indifference to the rights of innocent people;

(d) A policy, practice and custom of failing to discipline officers who violate the Constitution or law, or otherwise transgress the rights of criminal suspects during their investigations; and

(e) A policy and practice of being deliberately indifferent to the violations by its officers of the above listed rights of the accused.

85. These interrelated policies, practices and customs, separately and together, were implemented intentionally to deprive possible targets of criminal investigations of their constitutional

rights, or, at the very least, were implemented with a deliberate indifference to the rights of possible targets of criminal investigations and were a direct and proximate cause of the constitutional violations and injuries, as set forth in Counts I through VIII of this complaint.

**WHEREFORE**, premises considered **DONALD WAYNE GOOD** prays for the following relief;

(a) Actual damages against **FRED CURTIS**, the **CITY OF IRVING, IRVING POLICE DEPARTMENT**, and **CHIEF OF POLICE FOR THE CITY OF IRVING** in the amount to be proved at trial and to be determined by a jury;

(b) Exemplary damages against **FRED CURTIS**, the **CITY OF IRVING, IRVING POLICE DEPARTMENT**, and **CHIEF OF POLICE FOR THE CITY OF IRVING** in an amount to be awarded by the jury and to be determined by a jury;

(c) Reasonable attorney's fees; and

(d) Such other and further relief as the Court shall find appropriate in the circumstances.

Respectfully submitted,

Modjarrad & Abusaad, Law Firm

By: _____
Sean S. Modjarrad
Texas Bar No. 24027398
100 N. Central Expressway, Suite 1000
Richardson, Texas 75080
Tel. (972) 789-1664
Fax. (972) 789-1665
Attorney for Plaintiff
**DONALD WAYNE GOOD**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

K

JS 44
(Rev. 3/99)

# ORIGINAL CIVIL COVER SHEET

RECEIVED NOV 17 2006

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
DONALD WAYNE GOOD

**DEFENDANTS**
THE CITY OF IRVING, TEXAS
IRVING POLICE DEPARTMENT
CHIEF OF POLICE FOR THE CITY OF IRVING, individually and in his official capacity
FRED CURTIS, individually and in his official capacity

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** WALKER
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT DALLAS
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
SEAN S. MODJARRAD
MODJARRAD + ABUSAAD, PC
100 N. Central Expwy, Suite 1000
Richardson, TX 75080   (972) 789-1664

**ATTORNEYS (IF KNOWN)**

3-06CV2133-K

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Claims of violations of Civil Rights 42 USC section 1983 US Constitution

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY   JUDGE _____   DOCKET NUMBER _____

DATE 11/17/06
SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____